ALTENBERND, Judge,
Specially concurring.
This is an unfortunate case, but I am not certain that the postconviction court will be able to repair matters on remand. Mr. Menchaca-Ramirez is nearly fifty-nine years old and came to this country from Mexico as a teenager. All seven of his children are U.S. citizens. He apparently was a lawful permanent resident of this country, although he may not have understood his status.
His convictions are for driving without a valid license and uttering a forged instrument. His violation of probation seems to have been another conviction for driving without a valid license. These charges allegedly are related to his efforts to stay in this country while his status was unclear to him. One way or the other, they are minor criminal offenses.
If the trial court and the lawyers had appreciated that a sentence of fourteen months’ incarceration would subject this man to deportation, it seems highly unlikely that he would have received this sentence. Without that knowledge, the short sentence with credit for time served undoubtedly seemed to be a minimal and appropriate punishment.
The ineffective assistance that Mr. Men-chaca-Ramirez received occurred at the hearing on his violation of probation in 2011. Thus, on remand, there is no basis to set aside his convictions from 2008. On remand, the postconviction court should set aside the order of revocation and probably the new conviction and sentence for driving without a license. Even though the sentence imposed on the order of revocation is fully served, it might be possible for the postconviction court to enter a new order of revocation with a sentence that would not necessitate this man’s deportation.
But Mr. Menchaca-Ramirez obviously will not be able to attend these proceedings or provide live testimony. Perhaps he can resolve these matters from Mexico in a fashion that will allow him to .return to his family in the United States, but there *382 is no question that our mandate will be a challenge for the postconviction court.